IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GERSON AARON LOPEZ FUNEZ, | ) |
| *Petitioner*, | ) |
| v. | ) 1:25-cv-1618 (PTG/WEF) |
| PAUL PERRY, *et al.* | ) |
| *Respondents*. | ) |

### ORDER

This matter comes before the Court on Petitioner Gerson Aaron Lopez Funez's Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner is a national and citizen of Honduras, who entered the United States without inspection on May 26, 2019. *Id.* ¶ 23. On May 27, 2019, Petitioner was apprehended by the Border Patrol and issued a Notice to Appear. *Id.* ¶ 23; Dkt. 1-1. That same day, Petitioner was released on recognizance. Dkt. 1-2. According to the Petition, on September 8, 2025, Petitioner was arrested during a traffic stop and taken into federal immigration custody. Dkt. 1 ¶ 25. Petitioner is currently detained at the Caroline Detention Center in Bowling Green, Virginia, which is within this Court's jurisdiction. *Id* ¶ 7. On September 25, 2025, an immigration judge ("IJ") denied Petitioner's bond motion on the basis that the immigration court lacked jurisdiction. *Id.* ¶ 26. Petitioner now brings suit against Paul Perry, Warden of the Caroline Detention Center, and others, alleging that his continued detention violates his constitutional rights. *Id.* ¶¶ 8-11. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). Dkt. 6 at 1, 6-13. Upon consideration of the Petition (Dkt. 1), Respondents' Opposition (Dkt. 6), and Petitioner's Reply (Dkt. 7), the Court concludes that Petitioner is entitled to a bond hearing. However, the Court denies Petitioner's request for

attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). Thus, the Petition is **GRANTED**.

The central issue in this case is whether Petitioner is an "applicant for admission" and subject to mandatory detention under § 1225(b)(2) or whether his detention is governed by § 1226(a). An IJ determined that the immigration court did not have jurisdiction to issue a bond. Dkt. 1-3. Likewise, Respondents assert that any immigrant without lawful status, including Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 6 at 6-13.

Despite Respondents' arguments to the contrary, the Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). The Court rejects Respondents' assertion that any immigrant without lawful status, including the Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* Dkt. 6 at 6-13. As Respondents concede, this Court, and others in this District, have repeatedly rejected Respondents' assertion. *See, e.g., Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *5-9 (E.D. Va. Sept. 19, 2025); *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025); Dkt. 6 at 2. Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions. *See Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Petitioner has resided in the United States since his entry into the country on May 26, 2019.[1] Dkt. 1 ¶ 23. On May 27, 2019, Petitioner was released by the Border Patrol on recognizance pursuant to 8 U.S.C. § 1226, also known as Section 236 of the Immigration and Nationality Act, as referenced on his release documents. Dkt. 1-2. Accordingly, Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge.

Finally, the Court finds that Petitioner does not have a cognizable claim for attorney's costs and fees under the EAJA, which is limited to civil actions. Dkt. 1 at 13. The Fourth Circuit made clear in *Obando-Segura v. Garland* that a habeas proceeding is not a "civil action" under the EAJA. 999 F.3d 190, 195 (4th Cir. 2021); *see also Quispe v. Crawford*, No. 1:25-cv-1471, 2025 WL 2783799, at *3 (E.D. Va. Sept. 29, 2025). Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at the fixed address identified in his Release Plan (Dkt. 9) and appear at the bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

---

[1] Additionally, Respondents have not raised any indication that Petitioner has a criminal history in or outside of the United States that should preclude relief.

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 25th day of November, 2025.
Alexandria, Virginia

_____
Patricia Tolliver Giles
United States District Judge